IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LEVI MAULDIN**                                                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:22-CV-78-KS-MTP**

**HANNAH KATHLEEN LONG**                                                        **DEFENDANT**

### ORDER

This cause comes before the Court on Plaintiff's Motion to Remand [3]. Defendant responded [9], [10] and filed the affidavit of Hannah Kathleen Long in support [11]. Plaintiff did not file a reply.

Removal was based on diversity jurisdiction. Plaintiff argues for remand because there was not complete diversity of the parties because Defendant Long was at the time of the incident a resident of Mississippi. However, the jurisdictional facts that support removal must be judged at the time of the removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

The burden of establishing jurisdiction rests on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Courts accept and consider affidavit evidence when ruling on motions for remand. *See, e.g., Lott v. Dutchmen Mfg., Inc.*, 422 F.Supp.2d 750, 755 (E.D.Tex.2006) (considering and crediting affidavit testimony from defendant regarding knowledge of alleged defect at issue); *Garcia v. LG Electronics*, Civ. A. No. B–11–61, 2011 WL 2517141, a *4 (S.D.

Tex. June 23, 2011) (considering and crediting affidavits from retailer employees establishing that retailer was innocent seller of allegedly defective product). However, statements must not constitute hearsay and must be made from the affiant's personal knowledge. Fed. R. Evid. 602.

Here, Defendant has submitted her own affidavit, averring to facts within her personal knowledge, which clearly establish her citizenship in Louisiana. She was born in Louisiana and has lived there consistently throughout her life with her parents. [11]. Although Defendant attended school at the University of Southern Mississippi, the law is clear that "college students are considered residents of their parents' or guardians' home and are thus domiciled where their parents or guardians reside." *Arrington ex rel. Harris v. Simonton*, No. CIV.A. 206CV51KSJMR, 2006 WL 1876689, at *2 (S.D. Miss. July 5, 2006).

Defendant has tendered evidence sufficient to support diversity jurisdiction, while Plaintiff has presented no evidence or argument that brings the facts in Defendant's affidavit into dispute. Therefore, it is hereby ORDERED that Plaintiff's Motion to Remand [3] is DENIED.

SO ORDERED AND ADJUDGED this 18th day of July 2022.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE