IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LEVI MAULDIN**                                                                 **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 2:22-CV-78-KS-MTP**

**HANNAH KATHLEEN LONG**                              **DEFENDANT**

**<u>ORDER</u>**

This cause comes before the Court on Defendant's Motion to Dismiss the Complaint, or in the alternative, to Require a More Definite Statement [7]. The Court's Order dated 6/29/22 [8] set the deadline for Plaintiff's response as July 8, 2022, but to date, Plaintiff has not responded. Therefore, the Court will consider only the Motion and the arguments made therein.

**I. BACKGROUND**

This case arises from an encounter between the Plaintiff and Defendant, which resulted in Defendant's allegedly reporting that Plaintiff had raped her. Plaintiff filed his Complaint in state court on September 22, 2021. [1-1]. Defendant filed a Notice of Removal [1], removing the case to this Court on June 20, 2022. Plaintiff filed a Motion to Remand [3], which the Court denied by Order dated July 18, 2022 [13]. Defendant now moves for dismissal, or alternatively, for a more definite statement.

**II. DISCUSSION**

    **A. Allegations of the Complaint**

The Complaint alleges, in relevant part:

4.      On or about September 5, 2020, the Plaintiff and the Defendant met each other for the first time at Defendant's apartment in Hattiesburg, Lamar County, Mississippi.

5.      On or about September 5, 2020, the Plaintiff and the Defendant were both drinking at Brewsky's with mutual friends. The parties left Brewsky's and went along with others to Defendant's apartment located at the Reserves, 29 Park Place, Hattiesburg, Lamar County, Mississippi.

6.      At some point during the evening, the Plaintiff and the Defendant became engaged in mutually consensual sexual acts.

7.      At some point during the evening, the Defendant left her apartment, leaving the Plaintiff there alone, and went to Forrest General Hospital and alleged that she had been raped by the Plaintiff.

8.      The Defendant reported the alleged rape to the Hattiesburg Police Department and made numerous statements about the alleged rape to the personnel at Forrest General Hospital, the Hattiesburg Police Department, as well as to her friends and/or acquaintances.

10.     The Defendant, HANNAH KATHLEEN LONG, has repeatedly, knowingly and intentionally made false, defamatory and malicious statements about the Plaintiff by accusing him of committing acts which he did not commit.

11.     The Defendant, HANNAH KATHLEEN LONG, has knowingly, willfully and intentionally made false, defamatory and malicious statements about the Plaintiff by accusing him of committing acts which he did not commit, thereby causing injury to the Plaintiff and causing him to be exposed to public hatred, contempt or ridicule, degrading him in society, lessen him in public esteem and/or lower him in the confidence of the community.

14.     The Defendant, HANNAH KATHLEEN LONG, has knowingly, wilfully [sic] and intentionally made unprivileged false, defamatory and malicious statements about the Plaintiff by accusing him of committing acts which he did not commit to unprivileged third parties, thereby causing injury to the Plaintiff and causing him to be exposed to public hatred, contempt or ridicule, degrading him in society, lessen him in public esteem and/or lower him in the confidence of the community.

Plaintiff brought claims for defamation, slander, and libel,[1] as well as claims for both intentional and negligent infliction of emotional distress. [1-1].

**B. Analysis**

    **1. Failure to State a Claim**

Defendant first argues that the Plaintiff has insufficiently pled his defamation claims because they are not pled with the requisite specificity. The Court agrees. Although Plaintiff filed this action in state court, pleadings filed in Mississippi state courts are often viewed under the requirements of the federal rules because Mississippi Rules of Civil Procedure are patterned after the federal rules. *See Chalk v. Bertholf*, 980 So. 2d 290, 297 (Miss. Ct. App. 2007). Federal courts have found that "Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements." *Id*. This means that the complaint must "set forth the statements, paraphrased or verbatim, that constituted [defamation]." *Id*. at 298. "Without setting forth any information in the complaint regarding the statements, to whom the statements were directed, by whom the statements were made, and how the statements were [defamatory], the allegation that [Defendants] made 'slanderous statements' constitutes a bare legal conclusion with no support in the complaint." *Id*; *see also Lenoir v. Tannehill*, 660 F. Supp. 42, 45 (S.D. Miss. 1986) (construing Mississippi pre-rules statutory law to require a plaintiff "to plead the 'words or matter' constituting the alleged defamation).

---

[1] Under Mississippi law, a claim for defamation does not stand alone, but encompasses the two torts of slander, which is verbal defamation, and libel, which is written defamation. *See Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001).

Here, Plaintiff's allegations are insufficiently conclusory. Plaintiff has failed to set forth any specific statement, oral or written, that Plaintiff claims is false, nor has he alleged specifically to whom and when such statements were made. In Paragraphs 7 and 8 of the Complaint, Plaintiff alleges that Defendant reported to Forrest General Hospital and to the Hattiesburg Police Department that she was raped, but Plaintiff goes on to state that "Defendant made numerous statements about the alleged rape to numerous personnel at Forrest General Hospital and the Hattiesburg Police Department, as well as to her friends and/or acquaintances." If indeed these "numerous statements" also form the basis of the defamation claim, "[t]he failure to provide any substance regarding [the] alleged defamatory statements in a complaint is fatal to a plaintiff's claim." *Chalk*, 980 So. 2d at 299.

Therefore, dismissal is warranted. However, because outright dismissal is a harsh remedy and because Defendant alternatively seeks a more definite statement, the Court will allow Plaintiff an opportunity to amend the Complaint to state a proper claim.[2]

### 2. Statute of Limitations

"Claims for defamation have a one-year statute of limitations." *Brune v. Takeda Pharms. U.S.A., Inc.*, No. 1:18CV298-LG-RHW, 2019 WL 3323511, at *6 (S.D. Miss. July 24, 2019) (citing Miss. Code. Ann. § 15-1-35). While this is true, because the defamation claims have not been pled with sufficient particularity, it is uncertain

---

[2] Defendant also argues that dismissal of the infliction of emotional distress claims is warranted because such claims appear to be dependent on the defamation claims, which were not sufficiently pleaded. However, because the Court will allow amendment of the defamation claims, the other claims may also be repleaded as Plaintiff sees fit.

4

when the statements, both oral and/or written, were actually made in order to determine the timeliness of the claims.[3] Therefore, in this regard, the motion is denied without prejudice to filing a future motion when the dates are firmly ascertainable.

## III. CONCLUSION

THEREFORE, it is hereby ORDERED that Defendant's Motion to Dismiss the Complaint or in the alternative, to Require a More Definite Statement [7] is granted and denied in part. The Motion to Dismiss is DENIED and on statute of limitations grounds, it is DENIED WITHOUT PREJUDICE, but the alternative Motion for a More Definite Statement is GRANTED. **Plaintiff is hereby given leave to file an Amended Complaint on or before August 1, 2022.**

SO ORDERED AND ADJUDGED this 18th day of July 2022.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[3] Defendant argues that Paragraph 5 of the Complaint alleges that the first publication of defamatory statements was on September 5, 2020, but the Court finds that Paragraph 5 is not applicable, as it does not refer to a date or a statement. To the extent Paragraph 8 may be implicated, the allegations are still unclear as to when the "numerous statements" were made.