IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LEVI MAULDIN**                                                                   **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO. 2:22-CV-78-KS-MTP**

**HANNAH KATHLEEN LONG**                                           **DEFENDANT**

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss the Amended Complaint [16]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Dismiss [16] is well taken and the case should be dismissed for failure to state a claim. Even if the court erred in dismissal based on failure to state a claim, the complaint should still be dismissed based on the statute of limitations.

### I. BACKGROUND

This case arises from an encounter between Plaintiff and Defendant, which resulted in Defendant allegedly reporting that Plaintiff had raped her. Plaintiff filed his Complaint in state court on September 22, 2021. [1 p.1]. Defendant filed a Notice of Removal [1], removing the case to this Court on June 20, 2022. Plaintiff filed a Motion to Remand [3], which the Court denied by Order dated July 18, 2022 [13]. Defendant filed a Motion to Dismiss the Complaint or, in the Alternative, to Require a More Definitive Statement [6]. The court denied the Motion to Dismiss but granted Plaintiff leave to file a more definite statement by Order dated July 18, 2022 [14]. Plaintiff filed an Amended Complaint [15], and Defendant moves now to dismiss.

### II. DISCUSSION

**A. Allegations of the Complaint**

1

The Complaint alleges, in relevant part:

4. On or about September 5, 2020, the Plaintiff and the Defendant met each other for the first time at Brewsky's, a public bar in Hattiesburg, Lamar County, Mississippi.

5. On or about September 5, 2020, the Plaintiff and the Defendant were both drinking at Brewsky's with mutual friends. The parties left Brewsky's and went along with others to Defendant's apartment located at the Reserves, 29 Park Place, Hattiesburg, Lamar County, Mississippi.

6. At some point during the evening, the Plaintiff and the Defendant became engaged in mutually consensual sexual acts, including but not limited to sexual intercourse.

7. At some point during the evening, the Defendant left her apartment, leaving the Plaintiff there alone, and went to Forrest General Hospital where she purportedly alleged to personnel there, that she had been raped by the Plaintiff.

8. The Defendant reported the alleged rape to the Hattiesburg Police Department and made numerous statements about the alleged rape to the personnel at Forrest General Hospital, the Hattiesburg Police Department, as well as to her friends and/or acquaintances.

10. The Defendant, HANNAH KATHLEEN LONG, has repeatedly, knowingly and intentionally made false, defamatory and malicious statements about the Plaintiff by accusing him of raping her, which the Plaintiff did not do, as the actions of the parties were mutual and consensual by both parties.

11. The Defendant, HANNAH KATHLEEN LONG, has knowingly, wilfully and intentionally made false, defamatory and malicious statements about the Plaintiff by accusing him of raping her and/or committing acts which he did not commit, thereby causing injury to the Plaintiff and causing him to be exposed to public hatred, contempt or ridicule, degrading him in society, lessening him in the public esteem and/or lowering him in the confidence of the community

14. The Defendant, HANNAH KATHLEEN LONG, has knowingly, wilfully and intentionally made unprivileged false, defamatory and malicious statements about the Plaintiff by accusing him of raping her and committing acts which he did not commit to unprivileged third parties, thereby causing injury to the Plaintiff and causing him to be exposed to public hatred, contempt or ridicule, degrading him in society, lessening him in public esteem and/or lowering him in the confidence of the community.

Plaintiff brought claims for defamation, slander, and libel,[1] as well as claims for both intentional and negligent infliction of emotional distress. [1-1].

**B. Analysis**

    **1. Failure to State a Claim**

Defendant first renews the argument that Plaintiff has insufficiently pled his defamation claims because they are not pled with the requisite specificity. The Court agrees again. Although Plaintiff filed this action in state court, pleadings filed in Mississippi state courts are often viewed under the requirements of the federal rules because Mississippi Rules of Civil Procedure are patterned after the federal rules. *See Chalk v. Bertholf*, 980 So. 2d 290, 297 (Miss. Ct. App. 2007). Federal courts have found that "Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements." *Id*. This means that the complaint must "set forth the statements, paraphrased or verbatim, that constituted [defamation]." *Id*. at 298. "Without setting forth any information in the complaint regarding the statements, to whom the statements were directed, by whom the statements were made, and how the statements were [defamatory], the allegation that [Defendants] made 'slanderous statements' constitutes a bare legal conclusion with no support in the complaint." *Id*; *see also Lenoir v. Tannehill*, 660 F. Supp. 42, 45 (S.D. Miss. 1986) (construing Mississippi pre-rules statutory law to require a plaintiff "to plead the 'words or matter' constituting the alleged defamation).

Here, Plaintiff's allegations are insufficiently conclusory. Plaintiff has again failed to set forth any specific verbatim statement, oral or written, that Plaintiff claims is false, nor has he

---

[1] Under Mississippi law, a claim for defamation does not stand alone, but encompasses the two torts of slander, which is verbal defamation, and libel, which is written defamation. *See Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001).

3

alleged specifically to whom and when such statements were made. In Paragraphs 7 and 8 of the Complaint, Plaintiff alleges that Defendant reported to Forrest General Hospital and to the Hattiesburg Police Department that she was raped, but Plaintiff goes on to state that "Defendant made numerous statements about the alleged rape to numerous personnel at Forrest General Hospital and the Hattiesburg Police Department, as well as to her friends and/or acquaintances." If indeed these "numerous statements" also form the basis of the defamation claim, "[t]he failure to provide any substance regarding [the] alleged defamatory statements in a complaint is fatal to a plaintiff's claim." *Chalk*, 980 So. 2d at 299.

Therefore, dismissal is warranted. Plaintiff's claims are all based on the Defamatory statements, and as such, all should be dismissed. Outright dismissal is a harsh remedy, which is why the Court allowed Plaintiff an opportunity to amend the Complaint to state a proper claim. Plaintiff has filed to seize that opportunity to remedy the defects in his original Pleadings. Even if the court erred in dismissal based on failure to state a claim, the complaint should still be dismissed based on the statute of limitations.

**2. Statute of Limitations**

"Claims for defamation have a one-year statute of limitations." *Brune v. Takeda Pharms. U.S.A., Inc.*, No. 1:18CV298-LG-RHW, 2019 WL 3323511, at *6 (S.D. Miss. July 24, 2019) (citing Miss. Code. Ann. § 15-1-35). "Each repetition of slanderous [defamatory] words is a distinct cause of action and if recovery is sought for repeating a slander, the repetition must be sued on as a separate cause of action." *Ladner v. Arrington*, 374 So. 2d 831, 832-33 (Miss. 1979). The action on the republished defamation must be commenced within one year, or it is barred. *Id*. at 832. A complaint's allegation of "continued slander [defamation] 'throughout the year' is insufficient even to state an actionable claim for slander [defamation] within the applicable

4

limitations period." *Williams v. City Belzoni*, 229 So. 3d 171,176-77 (Miss. Ct. App. 2017) citing *Chalk v. Bertholf*, 980 So. 2d 290, 296-99 (Miss. Ct. App. 2007).

The only date specified in the Amended Complaint is September 5, 2020. [15 p.2]. The filing in state court on September 22, 2021 was more than a year after September 5, 2020. [1 p.1]. *See, Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, (S.D. Miss. 2006) (Former student's defamation claims against the university, a state board of trustees, and several professors were barred by the one-year statute of limitations because the student did not file his suit until almost 13 months after the alleged defamatory acts occurred). The court will only examine claims within the four corners of the amended complaint. Plaintiff raises a separate instance of alleged defamation in his Memorandum in Opposition to the Motion to Dismiss [20], but such a claim is not properly before the court.[2] Furthermore, such possibly defamatory statements were likely privileged.[3] Thus the statute of limitations has run on Plaintiff's claim. Dismissal is required. Even if the court erred in dismissal based on the statute of limitations, the complaint should still be dismissed based on failure to state a claim.

---

[2] *Cf. Horton Archery, LLC v. Farris Bros.*, No. 2:13-CV-260-KS-MTP, 2014 WL 5847531, at *5 (S.D. Miss. Nov. 12, 2014) ("A claim which is not raised in the [operative pleading] but, rather, is raised only in response to a motion for summary judgment is not properly before the court.") (citing *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005).
[3] Even if the grand jury testimony had been raised in the Amended Complaint, Plaintiff still could not state a claim because such testimony would be privileged. In order to state a claim one element is that there be an "unprivileged publication to a third party." *Knight v. R.S.*, 315 So. 3d 549, 552 (Miss. Ct. App. 2021). "[T]he general rule" is that any "matter published ... in a judicial proceeding ... is absolutely privileged." *Id.* Defendant's testimony before a grand jury would be absolutely privileged. *See id.* (holding that testimony in a criminal proceeding was privileged and explaining that "Mississippi cases barring liability for statements made in a judicial proceeding are in accord reaching back to the nineteenth century"); *see also, generally, Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 292 (Miss. 2007) (explaining that Mississippi has always recognized a common law litigation privilege in suits for defamation).

## III. CONCLUSION

THEREFORE, it is hereby ORDERED that Defendant's Motion to Dismiss the Amended Complaint [16] is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED with prejudice**.

SO ORDERED AND ADJUDGED this 17th day of January 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE